IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |
| v. | ) | 7:95-CR-014-R |
| | ) | |
| WILLIAM DOUGLAS LANKFORD, III, | ) | (Civil No. 7:06-CV-009-R) |
| Movant. | ) | |

ORDER

ON THIS DATE, came on to be considered William Douglas Lankford's *Motion Pursuant to 28 U.S.C. § 2255(3) to Correct a Sentence*, filed on January 13, 2006, and the Court finds and orders as follows:

In his motion Lankford seeks to preserve any ground for relief he may have in the future under *United States v. Booker*, 543 U.S. 220 (2005). He concedes that he is not entitled to relief under *Booker* at this time but asks this Court to hold the case in abeyance until the U.S. Supreme Court renders a decision in *Washington v. Recuenco*, U.S. No. 05-83 (review granted October 17, 2005).

Lankford's *Booker* challenge clearly falls within the purview of § 2255. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (affirming district court's determination that § 2255 is the appropriate vehicle in which to raise a *Booker* claim). In *Booker*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. 220, ___, 125 S.Ct. at 756. *Booker* also struck down 18 U.S.C. § 3553(b)(1) thus rendering the Sentencing Guidelines advisory rather than mandatory. *Id.* at 764-65. Neither the United States Supreme Court

nor the Fifth Circuit Court of Appeals has made *Booker* retroactive to cases on collateral review. *See In re Elwood*, 408 F.3d 211, 212-13 (5th Cir. 2005) (holding that Booker is not retroactive for purposes of a successive motion under 28 U.S.C. § 2255); *United States v. Gentry*, ___F.3d___, No. 04-1221, 2005 WL 3317891 *6 (5th Cir. Dec. 8, 2005) (holding that *Booker* does not apply retroactively to initial § 2255 motions). Thus, Lankford is correct in his statement that he is not entitled to relief under *Booker* at this time. However, he argues that, under *United States v. Dodd*, ___ U.S. ___, 125 S.Ct. 2478 (2005), he must file his motion now to avoid being barred by the one-year statute of limitations.

In *Dodd*, the Supreme Court held that, when a new right is recognized by the Court, the one-year limitation period for § 2255 motions begins to run from the date on which that right was recognized, not the date upon which the decision was made retroactive for purposes of collateral review. The Supreme Court in *Dodd* recognized that when a right is made retroactively applicable more than one year after the Court first recognizes the right, a potentially harsh result may occur because the limitation period will have expired. *Dodd*, ___U.S. at ___,125 S.Ct. at 2483. The Supreme Court noted, however, that it is "not free to rewrite the statute that Congress has enacted." *Id.* The Court stated: "The disposition required by the text, here, though strict, is not absurd. It is for Congress, not this Court, to amend the statute if it believes that ... § 2255 unduly restricts federal prisoners' ability to file second or successive motions." *Id.*

In the instant motion, it appears that Lankford seeks to toll the one year limitation period by filing within one-year and asking the Court to hold his case in abeyance based upon the possibility that *Booker* might, at some future date, be made retroactive to cases on collateral review. The Supreme Court's decision in *Dodd* did not provide for any such action by the Court.

A review of the record in this case reflects that Lankford has filed one previous motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The motion was denied by this Court on July 22, 2004 and, on July 11, 2005, the Fifth Circuit Court of Appeals denied a certificate of appealability. Because the instant motion is successive, it is subject to the certification provisions set forth in 28 U.S.C. § 2255, ¶ 8, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. *See In re Tolliver*, 97 F.3d 89, 90 (5th Cir. 1996). The statute provides that a second or successive motion filed by a person attacking a sentence under § 2255 "must be certified as provided in section 2244 by a panel of the appropriate court of appeals" before it can be considered by the district court. 28 U.S.C. § 2255, ¶ 8; *see* 28 U.S.C. § 2244(b)(3)(A); *Elwood*, 408 F.3d at 212. The appellate certification requirement for a successive § 2255 motion "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Because Lankford filed a prior § 2255 motion, which was denied, this Court lacks jurisdiction to consider the present motion unless leave to file is granted by the Fifth Circuit Court of Appeals.[1]

It is therefore ORDERED that the motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255, is hereby DISMISSED for lack of jurisdiction. This dismissal is without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255

---

[1] Lankford argues that his motion is not successive because *Booker* had not been decided when he filed his first § 2255 motion. This argument is unpersuasive. Even where a movant presents a ground for relief based upon a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, his motion must be certified as presenting such a ground by the 5th Circuit Court of Appeals before this Court may entertain the motion. 28 U.S.C. § 2255 ¶ 8. *See In re: Elwood*, 408 F.3d 211 (5th Cir. 2005) (finding *Booker* not retroactive for purposes of a successive § 2255 motion).

motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

Copies of this order shall be transmitted to the parties.

SO ORDERED this 23rd day of January, 2006.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE